**EXHIBIT #1
(13 pages)**





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA    DISTRICT COURT

2017 JUL 11 PM 1:07    **F I L E D**

| | | |
|---|---|---|
| In Re the Marriage of: | ) | |
| | ) | DON NEWBERRY |
| LINH TRAN STEPHENS, | ) | JUL 1 1 2017 |
| | ) | |
| Petitioner, | ) | DON NEWBERRY, Court Clerk |
| | ) | STATE OF OKLA. TULSA COUNTY |
| and | ) | Case No. FD-2015-2228 |
| | ) | |
| ADAM SYLVESTER STEPHENS, | ) | FD Docket B |
| | ) | Judge Theresa Dreiling |
| Respondent. | ) | |

## CONFIRMATION OF REGISTRATION OF FOREIGN ORDER

NOW on this _11th_ day of _July_, 2017, this matter comes before the undersigned Judge of the District Court concerning registration of a foreign order. Petitioner is represented by her counsel, David W. Davis; and Respondent is represented by his counsel, Charles M. Parrish. Petitioner and Respondent agree to register their Columbia County, Oregon dissolution order with the Tulsa County, Oklahoma Court. The Court, having reviewed the file and considered the premises, finds that the parties have reached an agreement and finds and orders as follows:

1.      The parties were divorced in Columbia County, Oregon. The Stipulated General Judgment of Dissolution of Marriage; and Money Award (hereinafter "Oregon Decree") was filed on January 8, 2016.

2.      The parties desire to register the Oregon Decree with the Tulsa County Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Oregon Decree be and is hereby confirmed as a registered order and a certified copy of the Oregon Decree shall be filed simultaneously herewith.

1

Signature page to Confirmation of Registration of Foreign Order, *Linh Tran Stephens and Adam Sylvester Stephens,* Tulsa County Case No. FD-2015-2228

_____
Judge Theresa Dreiling

APPROVED AS TO FORM AND CONTENT:

_____
David W Davis, OBA #15067
David W. Davis, P.C.
601 S. Boulder, Suite 100
Tulsa, Oklahoma  74119
(918) 592-2007

Attorney for Petitioner

_____
Charles M. Parrish, OBA #30206
Wirth Law Office
201 W. 5th Street, Suite 407
Tulsa, OK  74103
(918) 932-2800
Fax:  (918) 932-2900

Attorney for Respondent

2

## <u>CERTIFICATE OF HAND DELIVERY</u>

I, David W. Davis, do hereby certify, that on this 11th day of July, 2017, a true and correct copy of the above and foregoing document was hand delivered to:

James M. Wirth
Charles M. Parrish
Bryce A. Evans
201 W. 5th Street
Suite 407
Tulsa, OK  74103

David W. Davis

Verified Correct Copy of Original 1/8/2016

2017 JUL 11 PM 1:07

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF COLUMBIA FILED

### Department of Domestic Relations

DISTRICT COURT

JUL 11 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

In the Matter of the Marriage of

NO.   **15DR18623**
Judge: Callahan, Cathleen B

Adam Sylvester Stephens

|   |   |
|---|---|
| **Co-Petitioner,** | ) |
| **and** | ) |
|   | ) |
|   | ) |
|   | ) |

**STIPULATED GENERAL
JUDGMENT OF DISSOLUTION
OF MARRIAGE;
AND MONEY AWARD**

**(CO-PETITIONERS)**

Linh Tran Stephens

Co-Petitioner.

This matter came before the court on the motion and affidavit of Co-Petitioning

husband and wife and the stipulation of the parties for the entry of a judgment dissolving

their marriage. Co-Petitioner husband is filing Pro-Se. Co-Petitioner wife is filing Pro-Se.

The court having been presented with this form of stipulated judgment of dissolution,

having reviewed the records and documents on file herein, and being fully advised in the

premises, makes the following findings:

1.

Co-petitioners are jointly and in agreement filing this judgment for

Page 1 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

entry of such an order is appropriate because the continued pendency of this suit would hinder the situation with regard to the parties' business interests. As a part of that waiver, Husband and Wife consent to the waiver of the provisions of ORS 107.089, which require the production of documents.

16.

Husband and Wife's signatures on this stipulated judgment evidence their intent that the agreement embodied in this stipulated judgment will be enforceable in the manner described in ORS 107.135.

17.

Spousal support is not to be paid.

18.

Husband and Wife have each completed the seminar for parenting if required by this court.

19.

Co-Petitioners agree and request that no court appearances should be required and allowing Co-Petitioners entry of judgment on affidavit in lieu of hearing.

20.

This marriage should be dissolved and Husband and Wife should be granted the relief hereinafter set forth.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.

The marital status of the parties is hereby terminated. The provisions of this

Verified Correct Copy of Original 1/8/2016.

Co-Petitioners desire that the Parties shall be awarded Joint legal and physical custody of the children of the marriage.

### 2.1

Non-custodial parent is entitled to frequent and unhampered continuing contact with the children at such times as the parties may mutually agree, but in no event less than is set forth below, which is part of this judgment.

Parenting time and parenting plan shall be:

Mother will have Parenting Time for two weeks every June, during summer vacation. Holidays – 50/50.

### 2.1.1

The parenting plan will be construed and implemented in a way that fosters the children's best interests by providing liberal, predictable, and wholesome time between the children and the non-custodial parent.

### 2.1.2

Although a written plan promotes stability for the children each parent acknowledges that reasonable adjustments will be needed from time to time and that an element of flexibility will be required in administering the plan. Each parent will be flexible in arranging dates and times with the children so that important family events and the children's activities are maintained with minimal disruption or hard feelings.

### 2.1.3

Each parent will act reasonably in registering the children for activities,

Page 8 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

health insurance will not be considered a reasonable expense that the other parent would need to pay a part of. Claim Against Estate: Support receiving parent shall have a claim against the estate of the ordered child support paying parent for any monies due pursuant to this judgment for any arrearages that has accrued as of the time of child support ordered parent's death for unpaid support and periodic payments.

### 4.2

Mother will pay half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

Father will pay the other half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

### 4.3

This judgment makes no provision for the maintenance of life insurance.

### 5.

The property of the parties will be divided as follows:

### 5.1

Husband is hereby awarded and will receive free from any claim of wife:

### 5.1.1

Any and all personal effects and personal property in party's possession and/or control.

In lieu of Child Support from the wife:

It is agreed by both parties that wife shall assume the following debts of the

Verified Correct Copy of Original 1/8/2016.

husband:

> 2013 Jeep Wrangler Rubicon
> $692.17 monthly payment
> Vin# 1C4HJWFG6DL616149
> Wa. License Plate# ALT5054
>
> 2014 Jayco Baha 18' trailer
> $192.43 monthly payment
> Vin# 1UJBJ0AJ0E77F0229
> Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83 / month

At such time the debts are paid in full, wife will sign-over the property to the husband.

Husband also receives $325.00 per month SSI for the benefit of Grace Stephens.

### 5.2

Wife is hereby awarded and will receive free from any claim of husband:

### 5.2.1

Any and all personal effects and personal property in party's possession and/or control.

### 5.3

A party's personal papers are specifically awarded to that party. Each party will use their best effort now and in the future to provide the other party with that party's personal papers and records. Those include, but are not limited to, birth certificates, passports, baptismal records, wills, military discharge papers, etc. Each party will also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may in the future need a copy of a previously filed joint

Verified Correct Copy of Original 1/8/2016

tax return.

### 5.4

All fire and extended coverage, and liability and casualty insurance policies on or relating to any real or personal property herein described or referred to, and now in existence, will be transferred with the property to which the same pertains to the party receiving that property pursuant to this judgment, without charge or credit to either party in respect of the surrender value thereof.

### 7.

Each Party will keep their own retirement accounts and pensions, unless specifically stated otherwise herein.

### 8.

The liabilities and debts of the parties will be paid as follows:

### 8.1

Husband will pay, defend, indemnify, and hold wife harmless from any debt in his name alone not otherwise specifically described herein. The husband shall pay the following debts:

He is required to pay all personally incurred debts and expenses, including personal debt incurred during marriage and collections in his name.

### 8.2

Wife will pay, defend, indemnify, and hold husband harmless from any debt in his name alone not otherwise specifically described herein. The wife shall pay the following debts:

_Verified Correct Copy of Original 1/8/2016_

She is required to pay all personally incurred debts and expenses, including her car payments, real property at 8519 E. 75ᵗʰ St., Tulsa, OK 94133, all credit cards in her name; her student loans.

In lieu of Child Support to husband:

It is agreed by both parties that wife shall assume the following debts of the husband:

2013 Jeep Wrangler Rubicon
$692.17 monthly payment
Vin# 1C4HJWFG6DL616149
Wa. License Plate# ALT5054

2014 Jayco Baha 18' trailer
$192.43 monthly payment
Vin# 1UJBJ0AJ0E77F0229
Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83 / month

At such time the debts are paid in full, wife will sign-over the property to the husband.

8.3

If either party fails to pay any debt or liability as set forth herein, the other party will have the right, but not the obligation, to make any payment due, provided the nonpaying party is given 10 days prior notice of the party's plan to make payment. If payment is made, the party who failed to pay will be responsible for reimbursing the amount paid to the party who made the payment, together with interest computed at the same rate charged by the creditor on the obligation to which payment was made. Interest will accrue from the time payment is made until full reimbursement is made. A party who pays the other party's debt pursuant to this provision is hereby authorized to deduct the

Verified Correct Copy of Original 1/8/2016

amount of money paid from any payment then or thereafter due or owing the other party, including from any obligation to pay support.

8.5

The obligation of a party to pay, defend, indemnify, and hold the other party harmless from the payment of any debt described in this judgment is a support obligation under 11 USC §523(5), which is not dischargeable in bankruptcy as to the other party.

9.

Spousal support is not to be paid.

10.

No name change is requested.

ATTORNEY FEES:  None.  Pro-Se filing.

11.

Each party will pay his or her own attorney fees and court costs incurred in this proceeding unless otherwise stated herein.

12.

There are no attorney fees for judgment, as Co-Petitioners are filing Pro-Se and have chosen not to use the services of an attorney.

13.

Each party will, within 30 days of the date of this judgment, execute, acknowledge and deliver any and all documents and instruments necessary to complete the transfer of any property as ordered in this judgment of dissolution. This judgment will operate to convey title to the party to whom such property is awarded if the other party

Verified Correct Copy of Original 1/8/2016

Child support award in the amount of $586.00 accrues on the first day of each month commencing the first day of the first month following the date of the judgment.

> **However:**
>
> In lieu of Child Support:
>
> It is agreed by both parties that wife shall assume the following debts on behalf of the husband, until paid in full:
>
> 2013 Jeep Wrangler Rubicon
> $692.17 monthly payment
> Vin# 1C4HJWFG6DL616149
> Wa. License Plate# ALT5054
>
> 2014 Jayco Baha 18' trailer
> $192.43 monthly payment
> Vin# 1UJBJ0AJ0E77F0229
> Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83

At such time the debts are paid in full, wife will sign-over the property to the husband.

Signed: 1/10/2016 4:32:58 PM

DATED _____ 20___, at _____, Oregon.

X_____
Circuit Court Judge

**Circuit Court Judge Cathleen B. Callahan**

Judge's name: _____

We sign this stipulated judgment on our own volition, with full knowledge of the facts, and with full information as to our legal rights and liabilities. In some instances, the terms of

Page 25 of 28 Stipulated General Judgment Co-Petition



CERTIFIED TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL DOCUMENT
TRIAL COURT ADMINISTRATOR
COLUMBIA COUNTY, OREGON
BY _C Patreek_
DATED __4/11/17__

*Verified Correct Copy of Original 1/8/2016.*

this stipulated judgment represent a compromise of disputed issues. However, We believe the terms and conditions to be fair and reasonable under the circumstances. We have read the stipulated judgment and agree that it accurately reflects our agreement.

X _____

**Adam Sylvester Stephens, Co-Petitioner husband**

Date: X NOV 20 2015

SUBSCRIBED AND SWORN to before me on NOV 30_____, 20 15

Notary Public
State of Washington
B L SALMAN
MY COMMISSION EXPIRES
February 20, 2018

_____
Notary Public for ~~Oregon~~ Washington .

My commission expires: Feb 20, 2018

X _____

**Linh Tran Stephens, Co-Petitioner wife**

Date: X 11/21/2015

SUBSCRIBED AND SWORN to before me on Nov. 21, 20 15

JEANNE WILSON
NOTARY PUBLIC - STATE OF OKLAHOMA
MY COMMISSION EXPIRES OCT 20, 2016
COMMISSION # 08010808

_____
Notary Public for ~~Oregon~~ Oklahoma

My commission expires: October 2020 .

**Minor children:**

G██ L██ Stephens - Age; 02; birth year: 2013; SS# is protected and provided separately in UTCR 2.130.1 affidavit.

Page 26 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRO-SE CERTIFICATION

These documents were prepared by Legal Alternatives for a fee of $155.00.  No personal contact was initiated nor was any legal advice given.  All information in these documents was supplied to preparers by ourselves through the mail or over the internet. All information is accurate to the best of our knowledge and that we have filed the Dissolution of Marriage as Co-Petitioners, jointly attesting and agreeing to all terms herein.

X _Adam Steph_
Adam Sylvester Stephens, Co-Petitioner husband

Date: X 11-30-15

X _Linh Stphe_
Linh Tran Stephens, Co-Petitioner wife

Date: X 11/20/2015

---

## NOTICE OF INCOME WITHHOLDING

The support order is enforceable by income withholding under ORS 25.311-25.318, 25.351-25.367, and 25.722. Withholding will occur immediately, whenever there are arrearages at least equal to the support payment for one month, whenever the obligated parent requests withholding, or whenever the obligee requests withholding for good cause. The district attorney or, as appropriate, the Support Enforcement Division of the Department of Justice will assist in securing such withholding. Exceptions may apply in

some circumstances.

*Verified Correct Copy of Original 1/8/2016.*

### NOTICE PURSUANT TO ORS 107.106

The terms of child support and parenting time (visitation) are designed for the child's benefit and not the parents' benefit. You must pay support even if you are not receiving parenting time. You must comply with parenting time orders even if you are not receiving child support.

Violation of child support orders and visitation orders is punishable by fine, imprisonment, or other penalties. Publicly funded help is available to establish, enforce, and modify child support orders. Paternity establishment services are also available. Contact your local district attorney, domestic relations court clerk, or the Department of Justice at (503) 378-5567 for information.

Publicly funded help may be available to establish, enforce, and modify parenting time orders. Forms are available to enforce parenting time orders. Contact the domestic relations court clerk or civil court clerk for information.

--------------------------------

Submitted by:

X _Adam Stephens_____

Adam Sylvester Stephens, Co-Petitioner husband

Date: X 11·30·15

X _Linh Stephens_____

Linh Tran Stephens, Co-Petitioner wife

Date: X 11/20/2015

Page 28 of 28 Stipulated General Judgment Co-Petition

**EXHIBIT #2
(9 pages of 3 letters)**



## House of Representatives
### STATE OF OKLAHOMA

September 25, 2024

Oklahoma State Bureau of Investigation
Aungela Spurlock, Director
6600 North Harvey Place
Oklahoma City, Oklahoma 73116

Director Spurlock:

On September 9, 2024, the Oklahoma House of Representatives Criminal Justice and Corrections Committee held an emergency hearing to determine whether the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth collectively received information that children under their care were being physically and sexually abused, yet these agencies failed to take appropriate action to stop the abuse. One witness, Appleseed, a respected 501(c)(3) community action group known for its thorough investigations, provided a comprehensive report confirming that the agencies were aware of abuse at the Tulsa Detention Center. Appleseed submitted this alarming report to all relevant government officials, but it was completely ignored. Following this, the Criminal Justice and Corrections Committee called for immediate and appropriate actions. The committee also heard from three other witnesses who reported and documented firsthand knowledge of criminal conduct within child welfare and the DHS administration.

As Chairman of the Criminal Justice and Corrections Committee, I have the authority granted under 74 O.S. § 150.5(d) to initiate an OSBI investigation by a majority vote of our committee. Article V, Section V-60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances among the officers of the Executive Department and all commissioners, superintendents, and boards of control of State institutions, as well as any other officers entrusted with the collection, receipt, custody, or disbursement of the state's revenue or funds. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

I am providing a formal directive signed by the majority of the Criminal Justice and Corrections Committee, instructing the Oklahoma State Bureau of Investigation to conduct an investigation into possible criminal actions by the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth. The document containing the committee members' signatures details the areas of concern that we believe warrant examination.

Since the September 9 committee hearing, news stations and my office have been inundated with reports of wrongdoing. I would like to include cases that have sufficient substantiation. Please contact Chairman Justin JJ Humphrey if you have any questions.

To the Distinguished Director of the Oklahoma State Bureau of Investigation,

Ms. Aungela Spurlock,

As Chairman of the Criminal Justice and Corrections Committee, I bring forth the initiation of an OSBI investigation into each of two critical and urgent matters. This authority is granted per 74 O.S. § 150.5(d) as our committee has subpoena powers by resolution, but we bring this initiation of an OSBI investigation by authorization of a vote by the majority of our committee. Article V Section V- 60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances between the officers of the Executive Department, and all commissioners and superintendents, and boards of control of State institutions, and all other officers entrusted with the collection, receipt, custody, or disbursement of the revenue or moneys of the state whatsoever. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

## INVESTIGATION INITIATION NO.1 DETENTION and CARE FACILITIES
a. Investigate abuse and neglect of all children and disabled adults in facilities.
b. Investigate knowledge and reporting of abuse and complaints through all levels of oversight. Including but, not limited to: Managers, Administrators, OJA, OCCY, PARB, OKDHS, Judges(if acting in executive duties)
c. Investigate violations of state and federal laws of required humane treatment of children and adults incarcerated or in care.
d. Investigate electronic devices used to document, record or share abuse.
e. Further investigation to all other appropriate caretakers or individuals identified in participation in abusive behaviors, exploitation, or extortion.
f. Further investigation to all other appropriate facilities as evidence suggests.

Contact/Reporter Tulsa Juvenile Detention Facility: Sa-Tae Seth McIntosh seth@okappleseed.org
Contact/Reporter OKCYC Juvenile Detention Facility: Mandy Fisher-Reed mandyreed77@yahoo.com
*Contact/Reporter Robert M Greer Center in Enid: Representative Ellen Hefner*
*elleyn.hefner@okhouse.gov*

## INVESTIGATION INITIATION NO.2 OKDHS CHILDWELFARE AND CHILD PROTECTIVE SERVICES ON BEHALF OF 6 FAMILIES AND THEN FURTHER AS EVIDENCE WOULD SUGGEST
a. Investigate allegations of abuse appropriately on behalf of children.
b. Investigate negligent or fraudulent reporting by child welfare or CPS staff or case workers.
c. Investigate knowledge of or reporting of mishandling of referrals through all levels of oversight including but no limited to: Case workers, Supervisors, District Directors, Deputy state directors, State Director, OCCY, PARB, and law enforcement.
d. Appropriate engagement of professionals by the OKDHS through state law requiring Multidisciplinary child abuse teams as required by 10a O.S. § 1-9-102.
e. Investigate reports and documents for integrity, negligence, fraud, retaliation, and deletion of records.-
f. Investigate testimonies in court proceedings for fraud or perjury
g. Investigate if/when law enforcement was notified and if correct reporting was provided to law enforcement agency
h. Investigate judicial decisions and due process activity in accordance with state and federal law.

**201a**

i.   Investigate possible collusion or inappropriate engagement between attorneys and or judges.
j.   Investigate any misrepresentation of a minor child, or disabled adults', testimony by a state employee, attorney, counselor, doctor, judge, etc.
k.   Investigate all child interviews for appropriateness of order, process, and reporting (notify and request intervention of FBI in regards to any appearance of illegal search and seizure actions that would constitute a violation of Federal law.
l.   Investigate all seizure of assets to determine appropriateness of order, process, and reporting.
m.   Investigate all violations of Oklahoma Constitutionally protected rights of all parties. Notify and request intervention of FBI in regards to any appearance of violations of Federally protected constitutional rights. Including, but not limited to, life, liberty and the pursuit of happiness, loss of familial contact, loss of fair opportunity in court, etc.
n.   Investigate electronic devices used to record, document or upload case information.
o.   Investigate contact between parents and OKDHS for determination of collusion, exploitation or extortion.
p.   Further investigations to other children or families as evidence suggests.

Contact/Advocate for minor child G.L.S., dob 7-24-13: Dr. Linh Stephens linhstephens7@gmail.com
Contact/Advocate for minor child A.K.W., dob 11-4-16, A.K.W., dob 11-4-16 Bri'Anne Wiland brinwal@icloud.com
Contact/Advocate for minor child M.N.R., dob 7-4-12: Shawn Reed maddiesdad2024@gmail.com
Contact/Advocate for minor child C.B.W.L., dob 7-12-12: Lisa Woolley whwoolley@gmail.com
Contact/Advocate for minor child D.E.D., dob 12-24-13: Darrell Dougherty dough890@gmail.com
Contact/Advocate for minor children A.R.V., dob 9-22-10; P.F.V., dob 9-25-15; H.S.V., dob 5-2-17: Rosario Chico chico.media.tv@gmail.com

We appreciate your expediency in these matters as these children and at-risk adults could be in pending danger or enduring ongoing permanent damage due to failures that are not of their own doing. We also respect your ability to tenderly deal with minor children or adults who will need gentle care.


Chairman Justin Humphrey_____ Date 09-18-2024

Representative David Hardin _____ Date 9-18-2024

Representative Kevin West _____ Date ___9/18/24___

Representative Danny Williams _____ Date 09/18/24

We, the undersigned lawmakers, wish to express our strong support for the Criminal Justice and Corrections Committee's investigation of the Department of Human Services Oklahoma Commission on Children and Youth.

Sincerely,

Chair, Criminal Justice and Corrections Committee

**203a**



LINCOLN COUNTY
811 MANVEL AVE., SUITE 1
CHANDLER, OK 74834
(405) 258-1674

POTTAWATOMIE COUNTY
400 N. BROADWAY AVE.
SHAWNEE, OKLAHOMA 74801
(405) 275-6800

### ADAM R. PANTER
DISTRICT ATTORNEY
DISTRICT 23

#### ADAM KALLSNICK
FIRST ASSISTANT DISTRICT ATTORNEY

March 14, 2025

#### FOR IMMEDIATE RELEASE:

#### RE: Investigation Into Oklahoma Department of Human Services

      One of my highest priorities as District Attorney is to ensure the protection of our children's health, safety, and welfare. When our children become victims of heinous crimes, many times at the hands of those who were supposed to love and protect them, it becomes my job to prosecute those offenders and seek justice on behalf of those victims. I believe that child victims are especially vulnerable and all instances of suspected abuse against children need to be treated with the utmost importance. To do this effectively I must rely on my law enforcement partners and other agencies to properly and diligently do their jobs. Recently, I have become aware that the Oklahoma Department of Human Services (OKDHS) has systematically and repeatedly failed to follow State laws designed to protect children suspected of being sexually or physically abused or neglected. That failure to follow the law and policies put in place to protect children has led to subsequent and continuing sexual and physical abuse of children which would otherwise have been prevented. Despite multiple efforts made to obtain compliance, OKDHS has failed to correct their behavior, and I cannot stand to see another child unnecessarily victimized.

      Under Oklahoma law, OKDHS must promptly respond to and investigate any report of child abuse or neglect pursuant to Title 10A Oklahoma Statutes § 1-2-105(A). When initiating an investigation, "[t]he primary purpose of the investigation or assessment **shall** be the protection of the child." (emphasis added) Title 10A O.S. § 1-2-105(B)(5) goes on to require OKDHS to investigate reports of child sexual abuse or serious physical abuse using a multidisciplinary team approach provided in Title 10A O.S. § 1-9-102 along with notifying and exchanging investigation information with law enforcement.

      Title 10A O.S. § 1-9-102 requires each District Attorney to develop a multidisciplinary child abuse team (MDT) in their district. An MDT is comprised of the District Attorney, law enforcement agents with experience in child abuse investigations, medical personnel with child abuse injury experience, mental health professionals, OKDHS child protective services, and Child Advocacy Center personnel. This team is required to intervene in ALL reports involving child sexual abuse or child physical abuse or neglect in an effort to ensure coordination and cooperation between agencies involved and to minimize further trauma on an abused child. This law also requires a joint investigation between law enforcement and OKDHS child welfare staff when these

205a

reports are made. Such investigations must follow MDT protocols when interviewing those child victims. MDT protocols dictate that a child suspected of being abused must be interviewed by a trained child forensic interviewer following approved forensic interview protocols, preferably recorded at a Child Advocacy Center. This ensures that children are interviewed by trained professionals for potential law enforcement or child welfare investigations, reduce the number of times a child will have to relive their trauma, and ensure that all agencies that should be aware of the alleged abuse are placed on notice, amongst other reasons.

What has been brought to my attention is that in many cases, OKDHS is receiving reports of suspected sexual or physical abuse of children and going out on their own and conducting forensic interviews of those children in the field. Based on these field interviews, which OKDHS is not properly trained to do, OKDHS determines for themselves whether the allegations are credible, and based on this opinion, will close the investigation without ever following the statutory procedures by notifying law enforcement and the child abuse experts of the MDT. I have now been made aware that multiple cases where this has occurred have resulted in children being placed back in the home of their abusers, where they have been subjected to further sexual or physical abuse. There have even been cases where OKDHS received multiple reports of abuse over a period of months, never notifying law enforcement, leaving the children in the home to suffer repeated abuse. Some of these cases were only discovered when vigilant staff at our local Child Advocacy Center notified law enforcement when those same children were later brought in for interviews and medical care due to subsequent abuse.

After being made aware of this, my office and our local Child Advocacy Center began comparing numbers of reports of suspected abuse versus the numbers of children receiving services at the Center. Fortunately, the Child Advocacy Center of Central Oklahoma (CACCO), which is the Child Advocacy Center based in Shawnee and primarily serves District 23, Pottawatomie and Lincoln counties, is very attentive and keeps thorough records. What was extremely concerning were the comparisons between the 2024 CACCO numbers with OKDHS numbers. One example is that in 2024, in Pottawatomie County and Lincoln County combined, OKDHS received 511 reports of physical abuse on children. The number of children who received services from the CACCO in 2024 for suspected physical abuse was 64. That means less than 8% of the reported child physical abuse allegations to OKDHS in that time led to those children receiving services at the CACCO as required by law. In 2024, the number of reports to OKDHS of alleged sexual abuse, physical abuse, or neglect in the district totaled 2,532. During that same period, the number of children receiving services at the CACCO for those reports was 389. That leads to a reasonable conclusion that potentially 2,143 reports of abuse or neglect were never brought to the attention of the CACCO or law enforcement, leaving children allegedly abused in unknown circumstances. This is incredibly alarming, as it indicates a likelihood that OKDHS has failed to follow the law for these types of cases at a much higher rate than previously thought.

After repeated attempts made by law enforcement and child advocates to correct this, OKDHS continues with this behavior. Recent meetings with OKDHS to urge their

2

**206a**

compliance with the law have led to some constructive conversations which will hopefully lead to meaningful change. But the willingness to fix these problems does not negate the need to hold OKDHS accountable for their past failures. I have no reason to believe that my district is the only one facing this problem. This failure by OKDHS is likely happening across the state and is a direct reflection on the leadership of OKDHS from the top down. Because it is likely a statewide problem, within the next week I will formally request Attorney General Drummond utilize the Multicounty Grand Jury to investigate this issue to determine if criminal charges are warranted and what steps should be taken to ensure no more children are harmed. Should Attorney General Drummond find this issue unique to Pottawatomie and Lincoln Counties, I will seek to empanel local grand juries within my district to begin investigating or have my own District Attorney Task Force initiate a criminal investigation.

My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to OKDHS failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows.


**Adam R. Panter**
District Attorney
District 23



## House of Representatives
### STATE OF OKLAHOMA

April 1, 2025

Attorney General Gentner Drummond
Office of the Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105

Attorney General Gentner Drummond:

District 23 District Attorney Adam Panter has called on you to establish Multi County Grand Jury.

In his request DA Panter stated, **"My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to DHS's failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows."** I don't believe I can say it any better.

I have personally exposed numerous violations and alleged illegal acts of the Oklahoma Department of Human Services (OKDHS), demonstrating the department's gross negligence and failure to protect children from sexual abuse, physical abuse, and neglect. I believe a substantial portion of DHS employees and administration have intentionally ignored or participated in blatant abuse and abhorrent criminal acts. Despite multiple efforts to impose compliance, DHS has refused or failed to correct their dishonest and unlawful conduct. The director of the Department of Human Services and other agencies directors are complicit in addressing their agencies harmful behavior. Government officials responsible for overseeing these agencies have shown little to no interest in investigating the innumerable reported offenses. Attorney General Drummond to delay or prolong an investigation would place numerous children and families at risk. I personally cannot stand to see another child unnecessarily victimized.

DHS, Multidisciplinary Child Abuse Teams (MTD), and our Family Court System have abandoned basic legal principles and forsaken their responsibilities to the public. I have an email in which DHS instructs employees not to speak to legislators. I believe it is unlawful for DHS to threaten employees and prevent them from speaking to legislators. But more importantly, I believe their actions reveal an intent to obscure the truth. I recently requested information on what appears to be a voluntary removal program. The plan is anything but voluntary. DHS threatens families with the removal of children, and if the parents or grandparents refuse to sign, they remove the children. I received information that this DHS program was run by a contracted company. I approximately two weeks ago I asked DHS if they are contracted to remove children and if that company might possibly be owned by a former director.

**209a**

Remarkably, DHS has failed to respond. I have reports of DHS employees demanding parents sign blank forms, and in some cases, I have reports that DHS is deceiving parents into signing forms to terminate their parental rights.

In one case, I made numerous calls to determine why a child was being removed from their home without probable cause. But despite numerous attempts I could make no contact with an employee. After being unable to reach any DHS representative I left messages explaining that I would be investigating the matter and would seek extortion and child stealing charges against employees if they could not provide justification for the child's removal. DHS attorneys contacted me accusing me of harassing their employees. DHS has refused to provide justification for the child's removal, DHS has harassed and threatened the family to remove the child and then has the nerve to accuse me of harassing DHS employees.

I want to encourage you to launch a multi-county grand jury to investigate the alleged criminal misconduct of all those responsible and tasked with the protection of children.


Sincerely,

Representative Justin JJ Humphrey
District 19

**EXHIBIT #3
(9 pages)**

IN THE DISTRICT COURT IN AND FOR TULSA COUN...
STATE OF OKLAHOMA



LINH TRAN STEPHENS,                  )
        Petitioner,                  )
                         )   **FD-2015-2228**
vs                            )   **PO-21-3843**
                         )   **PO-21-4059**
**ADAM SYLVESTER STEPHENS,**         )   **Docket C**
        Respondent.                  )

## MUTUAL CIVIL RESTRAINING ORDER

**NOW ON this** 9th day of October 2023, this matter comes before the Court on PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The Protective Orders referenced above are dismissed. In accordance with 22 O.S. 60.2(A) (b) (1b) the Court finds it is in the best interest of the parties and to not compromise the safety of any Petitioner of a Protective Order, to instead have a mutual restraining order.

3. The terms of this Civil Restraining Order are intended to protect and promote peace between the parties.

4. Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households.

1

5. Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party.

6. All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day. Communication that requires a response is to be responded to within 24 hours.

7. The parties are to utilize the calendar in the Talking Parent App for scheduling regarding the minor child.

8. Neither party shall enter the residence or property of the other party.

9. Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

10. Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place. Reference the current orders and any subsequent modification.

11. Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable fear of bodily injury.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS ___24___ DAY OF OCTOBER 2023.

_____
JUDGE OF THE DISTRICT COURT

Approved as to form:

_waived by Court_____
Gilbert J. Pilkington, Jr.,
*Attorney for Respondent*

2

_waived by Court_
Linh Tran Stephens
*Petitioner Pro Se*

*Linh did NOT waive her signature nor consent to its waiving and NOT a pro se, see Objections filed prior attached!!!*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___31ST___ day of ___O c T___ 2023, a true and correct copy of the above and foregoing was:

___X___ mailed, with proper postage fully prepaid thereon
_____ mailed by certified mail, Return Receipt No. _____
_____ transmitted via facsimile
___X___ transmitted via email
_____ hand delivered
_____ process server

to:

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Megan Beck
320 S. Boston Ave, Suite 718
Tulsa, OK 74103
918-295-6418
Megan@MeganBeckLaw.com
*Attorney for Minor Child*

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*

Gilbert J. Pilkington, Jr., OBA# 21998
*Attorney for Respondent*

3





# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

Linh Tran Stephens, an individual, a living woman )
       **Petitioner,** )
)
VS                     )
)
**ADAM SYLVESTER STEPHENS,** )
       **Respondent.** )

**FD-2015-2228**
**PO-21-3843**
**PO-21-4059**
**Docket C**

DISTRICT COURT
F I L E D

OCT 3 1 2023

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### PETITIONER'S SIGNATURE PAGE & STIPULATION OF MUTUAL CIVIL RESTRAINING ORDER

**NOW ON this** 9th **day of October 2023, this matter comes before the Court on** PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1. This Court ~~has~~ jurisdiction over the parties and subject matter of this action, **which is still in dispute & must only be adjudicated by higher courts**

2. The Protective Orders referenced above are dismissed. In accordance with 22 O.S. 60.2(A) (b) (1b) the Court finds it is in the best interest of the parties and to not compromise the safety of any Petitioner of a Protective Order, to instead have a mutual restraining ~~order.~~ **Agreement (NOT "order")**

3. The terms of this Civil Restraining ~~Order~~ **Agreement** are intended to protect and promote peace between the parties.

4. Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households **and pets (e.g. see dog Gizmo still being harmed/disposed by Adam (PO-2021-4059)**

1



5. Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party.

6. All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day. Communication that requires a response is to be responded to within 24 hours.

7. The parties are to utilize the calendar in the Talking Parent App for scheduling regarding the minor child.

8. Neither party shall enter the residence or property of the other party.

9. Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

10. ~~Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place. Reference the current orders and any subsequent modification.~~ **there is no protective order standing; perjurious Adam impeached many times per hearings so unalienable rights of Mother to contact their children & 1st Amendment Right Private Speech between them must stand**

11. Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable ~~fear~~ of bodily injury. **harm; as "fear" can be delusional like that of Adam as no witnesses nor evidence for his false allegations**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS _____ DAY OF OCTOBER 2023.

I (Linh Tran Stephens), Petitioner, shall NOT agree to any mutual agreement with a person (Adam Stephens) who repeatedly breached his NUMEROUS signed written contracts with me and with this Oklahoma Court. I shall agree ONLY AFTER he cures all defects I demanded, and AFTER he compensated me fairly (by jury of my peers), and fixes all his broken promises and his breached contracts, including but not limited to: Oregon Finalized Divorce & Custody & Child Support Order of 08JAN2016 "in lieu of child support Jeep and Trailer" registered into Tulsa County Court in 2017 after Adam's custodial interference and parental kidnapping (child concealment) event in Summer of 2017, Conduct Order of 09NOV2020 in Tulsa County Court agreed in in good faith by this Court so Father can avoid going to DHS/CPS trial and losing his parental rights after his numerous violations of my parental rights & our daughter's Bills of Rights of Children, reckless disregard for daughter's safety and her best interests; Adam's lack of remorse even with numerous impeachments on the stand since October 2022 (trailer, medical insurance coverage date range and its monthly amount) to October 2023 (false PO against Mother "child porn & child-kidnapping"—the very crimes he is guilty of but no one investigated him, disposed dog Gizmo thus VPO, attorney fee amounts, GAL fee amounts, door banging at Linh's house, Facebook post Adam admitted memory loss & hidden income with job as mortgage investigator on top of property manager + Truck driver + Uber driver),

3 parenting classes required by DHS, reimbursement for my expenses for daughter since 2016 charged to my credit cards, etc.

DATED: 21OCT2023,   Stephens:Linh-Tran, living woman, all rights reserved, UCC 1-308

## CERTIFICATE OF SERVICE

I hereby certify that on the __31__ day of __Oct__ 2023, a true and correct copy of the above and foregoing was **filed into Tulsa County Court**

\_\_\_\_\_ mailed, with proper postage fully prepaid thereon
\_\_\_\_\_ mailed by certified mail, Return Receipt No. _____
\_\_\_\_\_ transmitted via facsimile
\_\_X\_\_ transmitted via email **to everyone below but also mailed to Respondent's attorney**
\_\_\_\_\_ hand delivered
\_\_\_\_\_ process server

to:

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Megan Beck
320 S. Boston Ave, Suite 718
Tulsa, OK 74103
918-295-6418
Megan@MeganBeckLaw.com
*Attorney for Minor Child*

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*

_____
**Linh Stephens**

3

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LINH TRAN STEPHENS,       )
       Petitioner,       )
       )
vs       )    **FD-2015-2228**
       )    **Docket C**
ADAM SYLVESTER STEPHENS,       )
       Respondent.       )

*PLEASE SEPARATE ORDER OF DISMISSAL OF PROTECTIVE ORDER FROM MUTUAL CIVIL RESTRAINING ORDER SINCE THEY ARE SEPARATE ORDERS*

## MUTUAL CIVIL RESTRAINING ORDER

**NOW ON this** 9th day of October 2023, this matter comes before the Court on PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1. The Protective Orders referenced above are dismissed.

2. The terms of this Civil Restraining Order are intended to protect and promote peace between the parties ~~and the minor child.~~

3. Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households. *because Adam has stalked, harassed Linh, her neighbor, her work, her relatives, according to admitted evidence and reliable and collaborative witnesses, but Linh never stalked/harass Adam.*

4. Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party. *despite Linh never did any of these*

5. All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-

1

up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day for the same topic i.e. can be more than once a day if different topic. Parties are required to respond within 24 hours else held in contempt.

6. Neither party shall enter the residence or property of the other party, because Adam did in the past ignoring Linh asking him to stop.

7. Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

8. ~~Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place, reference the current orders and any subsequent modification.~~ DO NOT ADD TO JUDGE'S ORDER

9. ~~Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable fear of bodily injury.~~ DO NOT ADD TO JUDGE'S ORDER

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS _____ DAY OF OCTOBER 2023.

_____
JUDGE OF THE DISTRICT COURT

I (Linh Tran Stephens) shall NOT agree to any mutual agreement with a person (Adam Stephens) who repeatedly breached his signed written contracts with me UNTIL AFTER he cures all defects, compensated me fairly (by jury of my peers), and fixes all his broken promises and his breached contracts, including but not limited to: Oregon Finalized Divorce & Custody & Child Support Order of 08JAN2016 "in lieu of child support Jeep and Trailer" adopted into Tulsa County Court after Adam's custodial interference and parental kidnapping (child concealment) event in Summer of 2017, Conduct Order of 09NOV2020 in Tulsa County Court agreed in in good faith so Father can avoid going to DHS/CPS trial and losing his parental rights after his numerous violations of my parental rights & our daughter's Bills of Rights of Children, reckless disregard for daughter's safety and her best interests; Adam's lack of remorse even with numerous impeachments on the stand since October 2022 (trailer, medical insurance coverage date range and its monthly amount) to October 2023 (false PO against Mother "child porn & child-kidnapping"—the very crimes he is guilty of but no one investigated him, disposed dog Gizmo thus VPO, attorney fee amounts, GAL fee amounts, door banging at Linh's house, Facebook post Adam admitted memory loss & hidden income with job as mortgage investigator on top of property manager + Truck driver + Uber driver),
3 parenting classes required by DHS, reimbursement for my expenses for daughter since 2016 charged to my credit cards, etc.
DATED: 21NOV2023,    Stephens:Linh-Tran, living woman, all rights reserved, UCC 1-308

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____ 2023, a true and correct copy of the above and foregoing was:

____ mailed, with proper postage fully prepaid thereon
____ mailed by certified mail, Return Receipt No. _____
____ transmitted via facsimile
____ transmitted via email
____ hand delivered
____ process server

to:

Emmalene Stringer, OBA #31690        Megan Beck
State's Attorney                                   320 S. Boston Ave, Suite 718
OKDHS, CSS                                        Tulsa, OK 74103
P.O. Box 27068                                    918-295-6418
Tulsa, OK 74149                                   Megan@MeganBeckLaw.com
Phone, 918-295-3500                           *Attorney for Minor Child*
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*


_____
Gilbert J. Pilkington, Jr., OBA# 21998
*Attorney for Respondent*

3

**EXHIBIT #4
(2 pages)**

**AFFIDAVIT of Truth by S▮▮▮▮▮▮**                                    5/5/2025

On Friday, 5/2/2025 at 9:02am, Dr Linh Stephens was on the docket for family court in Judge Loretta Radford's courtroom. I arrived early at 8:00 am to deliver a pre-notarized Protest that Dr Linh Stephens had provided me to present to the court clerk and file into her case as well as a copy to the judge or her court clerk. So, by about 8:20am, both of those requests were complete. The Judge's court clerks name was Kacharra Mansker. Here contact is Kacharra.mansker@oscn.net; phone number, 918.596.5332. I then asked someone in the hallway who was instructing others how to get their documents to the judge how I would know if a court reporter was going to be in court. She said they normally had one. So I went to court and right away noticed that one was not present. So I asked the judge and she said no, they are not normally present. I objected to that as all hearings should be memorialized as part of due process in a court of record before rights can be affected.

OK Constitution Article 2 Section 7

Due Process Definition, Black's Law (4th and 5th Ed)

I had went downstairs to the main court clerk office to see if I could get a copy of a receipt for the one that had been prepaid for by Dr Linh Stephens. The woman there said that she did not see one ordered. I asked to pay for one to get a receipt. They explained that the judge would have to let me know if one was available first. Yet Judge said that I would have to have a receipt first. So, I explained to the judge that I was just downstairs trying to pay for it and they would not let me until the judge told them one was available. They would also not take my money. The filing court clerk said they were going by "the rules" and they knew the rules were that the judge had to approve the court reporter's presence first. I asked them to document what they were telling me were the rules as they understood them and to notarize what they were saying. They refused. I asked who made the rule and when it was made and if I could get a copy of that rule. They said I would need to contact Kim Hall, the court administrator as she was the one that implemented the rule a year ago when court reporters became hard to get. So, I went to her office before court hearing. The lady I spoke with there would not give me her name but said I would need to have the matter handled by the Bailiff, Samantha.Boen@oscn.net ; ph# 918.596.5333. The Baliff said one was being ordered for Dr Stephen's case (yet the court clerk said none was ordered and the judge said none was ordered unless payment was made). So I sat in court and waited for Dr Stephen's case to be called. While I waited, I also noticed in all of the plea deals that were being handled by other Pro Se litigants, that the judge would tell them that by going Pro Se that they were relinquishing their rights to a trial by jury or to call witnesses and more. I stood up to offer advice that the court could not ask them to waive those rights as no laws imparting the obligation of contracts shall be passed like interfering with one's oath to uphold the constitutional rights of We The People.

OK Constitution Article 2 Section 15

I was told to sit down by the judge and was instructed by a Sheriff's Deputy J. Williamson who would not give me his first name or his badge number when I asked that if I interrupted any more that I would be escorted out. I withheld any further interruptions until Dr Stephens' case was called. Dr Stephens case was held til the very end of the day the last case when everyone else left- zero eyes from the public, about 1-1:30pm, when it was finally called. Immediately I asked where the court reporter was and was told again I would need a receipt of payment for his/her presence. I let them know this hearing was not valid if there was no court reporter. They asked if I wanted an audio, I said I'll take what I can get but that the hearing would still be in violations without a court reporter and that I would still be making that report. After listening to a few comments from the prosecution side stating that Dr Stephens was in violations of some recent motions sent, I spoke up explaining that the case was not valid due to jurisdictional issues. The main violation is in US Constitution Article 3 when the state is a party the original jurisdiction is the Supreme Court. Also, Dr Stephens is a Vietnam citizen, which makes another Article 3 violation. The judge asked me my name, of which I explained I was one of The People court

watching for a case and offering advice to the court where I saw it was needed.  The judge cut me off before I could make all the other necessary objections and she asked the Sheriff Deputy to escort me out.  I asked if that was under the threat of arrest.  He said no at first and I therefore said I would not be leaving then.  Then he changed his mind and said "yes it was under the threat of arrest".  So I let him escort me out without resistance.

I come in peace and love in the name of Christ Jesus to bring you this report of injustices I witnessed in the Tulsa Family court on 5/2/2025 in front of employees of STATE OF OKLAHOMA calling themselves as special judge Loretta Radford, 3 different payment/filing court clerks, judge's clerk Karacharra Mansker, bailiff Samantha Boen, Tulsa court administrator Kim Hall, and deputy sheriff J. Williamson.

Also Included: my audio recordings of my experiences from the day

https://drive.google.com/drive/folders/1QFxefI_qj4Qx9sFyC1vkVsft55ybsRB_?usp=sharing

Sincerely,

███████████

███████████

███████████████████████

**Notary as JURAT CERTIFICATE**

STATE OF _Oklahoma_ )
             ) ss
COUNTY OF ████

    On this _6_ day of _May_, 20_25_ before me ████████████, a Notary
Public, personally appeared a living woman ██████████████ the Authorized
Representative and Beneficiary for Legal
Fiction_____ ), who electronically (remotely) proved to me on the
basis satisfactory evidence to be the woman whose name is subscribed to the within instrument
and acknowledged to me that she executed the same in her authorized capacity, and that by her
autograph(s) on the instrument the woman executed, the instrument.

    I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma state law
and that the foregoing paragraph is true and correct. WITNESS my
    hand and official seal.

                                    Signature of Notary/Jurat

**EXHIBIT #5
(3 pages of 2 letters)**

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

July 11, 2024

Linh Stephens
C/O 11063 S Memorial Dr.
Suite D. #235
Tulsa, OK 74133

RE: Stephens v. Stephens
   OK Ct. of Civil App. No. 120,849

Dear Ms. Stephens:

The above-entitled petition for a writ of certiorari was originally postmarked March 25, 2024 and received again on June 27, 2024.  The papers are returned for the following reason(s):

Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
Scott S. Harris, Clerk
By:

Emily Walker
(202) 479-5955

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

May 13, 2025

Linh Tran Stephens
C/O 1964 Ashley River Rd Ste B
Unit 80112
Charleston, SC 29416

  RE: Stephens v. Stephens/Stephens v. Stephens/Stephens v. April Seibert, et al
   SC OK Nos. 120,849; 122,022; 122,445

Dear Ms. Stephens:

  The above-entitled petition for a writ of certiorari was postmarked April 25, 2025 and received May 5, 2025. The papers are returned for the following reason(s):

  To the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 120,849, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was May 14, 2024. Therefore, the petition was due on or before August 12, 2024. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

  Please be advised that if you are intending for this Court to review a decision by the Supreme Court of Oklahoma in case number 122,022, it appears this case is currently pending in the Supreme Court of Oklahoma. Your case must first be reviewed by that court.

Additionally, to the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 122,445, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was September 30, 2024. Therefore, the petition was due on or before December 29, 2024. Rules 13.1, 29.2 and 30.1.  When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Sincerely,
Scott S. Harris, Clerk
By:

Pipa Fisher
(202) 479-3019

Enclosures