**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0286-CVE-MTS |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Linh Tran Stephens, a self-represented litigant, commenced this federal habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2).  A district court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  On preliminary review of the petition, the Court finds that the petition shall be dismissed for lack of subject matter jurisdiction.[1]

**I.**

Ms. Stephens describes her petition as a "hybrid emergency petition for writ of habeas corpus for [her minor child] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, and

---

[1] The Clerk of Court issued summonses to Ms. Stephens on her request.  Dkt. # 5.  One respondent moved to dismiss the petition pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6), asserting that Ms. Stephens did not comply with Rule 8(a)'s pleading requirements, that this Court lacks jurisdiction based on Eleventh Amendment sovereign immunity, and that Ms. Stephens fails to state a claim on which relief may be granted.  Dkt. # 7.  Because the Court finds that Ms. Stephens has not properly invoked federal habeas jurisdiction and concludes for that reason that the petition, and this habeas action, must be dismissed, the Court dismisses as moot Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7).

for injunctive and declaratory relief under 42 U.S.C. § 1983 with request for permanent restraining order." Dkt. # 2, at 11.[2]  She states that she brings this action to challenge 'all orders entered by Tulsa County District Court and all of its divisions since Dec[ember] 3, 2021" in Tulsa County District Court Case Nos. FD-2015-2228 and JD-2021-270.  Id. at 3.  Ms. Stephens names as respondents in this habeas action the State of Oklahoma, several state agencies, several state officials and employees, and her ex-husband.  Id. at 1.  Ms. Stephens appears to allege that state and private actors violated her constitutional rights through actions or omissions made in state court proceedings relating to divorce or child custody matters.  Id. at 2-8, 14-17, 21-32, 40-108.  She also asserts that her minor child is "unlawfully restrained under void state court orders procured through fraud and enforced without jurisdiction."  Id. at 18, 73; see also id. at 33 (describing minor child as "unlawfully detained"); id. at 35 (referring to "the unlawful seizure and continued detention of her child"); id. at 36 (asserting that she "seeks emergency relief from this Court to remedy the unlawful seizure and continuing detention of her daughter . . . by state actors operating without lawful jurisdiction and in flagrant violation of clearly established constitutional rights"); id. at 40 (asserting that minor child was "forcibly kidnapped" by Oklahoma Child Protective Services).

Ms. Stephens identifies four grounds for habeas relief:  (1) "unlawful seizure of child without warrant or exigent circumstances (4th Amendment)"; (2) "violation of due process rights in child removal proceedings"; (3) "placement with documented child abuser"; (4) "disregard of valid Oregon custody decree."  Id. at 7-8; see also 73-77 (describing first cause of action as seeking habeas relief for unlawful detention of minor child).  Ms. Stephens also seeks relief under § 1983,

---

[2] The Court's citations refer to the CM/ECF header pagination.  When quoting material from the petition, the Court omits unconventional capitalization.

asserting more than ten claims for alleged violations of her federal rights arising from state court proceedings related to divorce or child custody matters. Id. at 77-108. Ms. Stephens asks this Court to provide various forms of relief including an order directing "the immediate release of [her minor child] from [her ex-husband's] custody and restor[ing] custody to [Stephens], her biological owner/mother" and "declar[ing] [that] all custody, support, and enforcement orders, contempt orders, conviction or sentencing orders [are constitutionally void] as they were all procured without jurisdiction, due process, or lawful adjudication." Id. at 8, 14.

Ms. Stephens asserts that this Court has jurisdiction to adjudicate the habeas petition under 28 U.S.C. § 2241 (federal habeas jurisdiction), 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331 (a state law) because her minor child "is detained after seizure without a warrant against the will of" the minor child "and the biological owner/Trustee (biological flesh and blood and alive mother) under void state court orders violating the Fourteenth Amendment." Id. at 14. She further asserts that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights and elective franchise jurisdiction) to adjudicate the § 1983 claims she includes in the petition. Id. at 14-15. Lastly, Ms. Stephens asserts that this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). Id. at 15.

**II.**

Because Ms. Stephens appears without counsel, the Court must liberally construe the petition. Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). This rule of liberal construction "means that if the court can reasonably read the [petition] to state a valid claim on which [Ms. Stephens] could prevail, it should do so despite [Ms. Stephens's] failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106,

3

1110 (10th Cir. 1991). But even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction. See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction).

Even generously construing the petition, the Court finds that this action shall be dismissed for lack of subject matter jurisdiction. To the extent Ms. Stephens seeks federal habeas relief under § 2241, she has identified no facts that would permit this Court to exercise federal habeas jurisdiction. See 1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006)).

Federal courts are empowered to grant a writ of habeas corpus to a petitioner if, among other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a) (providing federal courts authority to consider habeas petitions filed by state prisoners who allege they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment). No allegations in the petition plausibly suggest that either Ms. Stephens or her minor child is "in custody" as that phrase has been construed by the United States Supreme Court. In Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 503 (1982), the Supreme Court considered the question of "whether the habeas corpus statute, 28 U.S.C. § 2254, confers jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." The petitioner in Lehman challenged the validity of the

4

state law under which her parental rights were terminated and sought an order directing the state to release her children to her custody "unless within 60 days an appropriate state court judicially determined that the best interest of the children required that temporary custody remain with the [s]tate." Id. at 505-06. The Lehman Court discussed prior cases broadly construing the meaning of "in custody," and acknowledged that through those cases "the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require." Id. at 508-10. But the Lehman Court reasoned that "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." Id. at 512 (footnote omitted). The Lehman Court further reasoned that

> [t]he considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

Id. at 515-16 (footnote omitted); see also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 436 (10th Cir. 1992) (citing Lehman for the proposition that "[a] state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition"); Zamora Trevino v. Barton, 727 F. Supp. 589, 591 (D. Kan. 1989) (citing Lehman and acknowledging that "the United States Supreme Court has refused to extend federal court jurisdiction to issue writs of habeas corpus in traditional challenges to state courts' child custody

orders").[3]  Even accepting Ms. Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction to consider her requests for federal habeas relief under § 2241.  The Court thus finds that the petition, and this habeas action, shall be dismissed without prejudice for lack of subject matter jurisdiction.[4]

### III.

Further, to the extent Ms. Stephens asks this Court to consider § 1983 claims arising from alleged violations of her federally protected rights, she cannot initiate a civil rights action by including § 1983 claims in a habeas petition.  Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983; see, e.g., Wise v. Bravo, 666 F.2d 1328, 1332 (10th Cir. 1981) (acknowledging that "[t]he state's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial and visitation rights, is subject to scrutiny by the federal judiciary within the reach of the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment").  And federal courts have jurisdiction over civil actions seeking relief under § 1983.  See 28 U.S.C. §§ 1331, 1343.  But a federal habeas proceeding under § 2241 is a special civil proceeding wherein a person who is unlawfully detained by state or federal

---

[3] As previously stated, Ms. Stephens seeks relief under § 2241, not § 2254.  But, like the petitioner in Lehman, Ms. Stephens challenges state court orders relating to child custody.  Dkt. # 2, generally.  The Court thus finds that Lehman precludes this Court's exercise of federal habeas jurisdiction despite Ms. Stephens's decision to seek relief under § 2241 rather than under § 2254.

[4] To the extent this order constitutes a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

authorities can file a petition in federal court to challenge that detention upon payment of a minimal ($5) filing fee.  In contrast, a civil action under § 1983 is an ordinary civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees.  Here, Ms. Stephens invoked federal habeas jurisdiction by filing a habeas petition under § 2241, improperly included § 1983 claims in the petition, and paid only the $5 fee necessary to commence a federal habeas action.  Dkt. ## 2, 3.  For the reasons just discussed, Ms. Stephens has not alleged sufficient facts to establish federal habeas jurisdiction.  Should Ms. Stephens wish to pursue any § 1983 claims, she may do so only through a new civil action by filing a civil complaint (not a habeas petition) and by paying the $405 fees.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction, and a certificate of appealability is **denied**.  This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are **dismissed as moot**.

**DATED** this 22nd day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE