APPEAL,CLOSED,LC−5

# U.S. District Court
# U.S. District Court for the Northern District of Oklahoma (Tulsa)
# CIVIL DOCKET FOR CASE #: <u>4:25−cv−00286−CVE−MTS</u>

| | |
|---|---|
| Stephens v. State of Oklahoma et al | Date Filed: 06/06/2025 |
| Assigned to: Judge Claire V Eagan | Date Terminated: 01/22/2026 |
| Referred to: Magistrate Judge Mark T Steele | Jury Demand: None |
| Related Cases: 4:22−cv−00480−CVE−JFJ | Nature of Suit: 530 Habeas Corpus (General) |
| 4:23−cv−00553−GKF−SH | Jurisdiction: Federal Question |
| 4:24−cv−00216−JDR−CDL | |
| 4:24−cv−00259−GKF−MTS | |
| 4:25−cv−00322−SEH−CDL | |

Case in other court:  Circuit Court of Oregon, 15−DR−18623

Tenth Circuit, 24−05138

Tenth Circuit, 25−02063

10th Circuit, 26−05040 (#12)

Supreme Court of OK, CI−120847

Tulsa County District Court, CJ−23−01901

Tulsa County District Court, CV−24−01311

Supreme Court of OK, DF−120612

Supreme Court of OK, DF−120848

Supreme Court of OK, DF−120849

Supreme Court of OK, DF−121149

Supreme Court of OK, DF−121254

Supreme Court of OK, DF−121581

Supreme Court of OK, DF122022

Tulsa County District Court, FD−15−02228

Tulsa County District Court, JD−21−00270

Supreme Court of OK, MA−121255

Supreme Court of OK, MA−122445

Supreme Court of OK, MA−122859

Tulsa County District Court, PO−21−03843

Tulsa County District Court, PO−21−04059

Supreme Court of OK, PR−121200

Cause: 28:2241 Petition for Writ of Habeas Corpus

**Petitioner**

| | | |
|---|---|---|
| **Linh Tran Stephens** | represented by | **Linh Tran Stephens** |
| | | PO BOX 80112 |
| | | CHARLESTON, SC 29416 |
| | | 817−631−3223 |
| | | PRO SE |

V.

**Respondent**

**State of Oklahoma**
*and its divisions and*
*employees/successors*

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Department of Human Services**<br>*(OKDHS) and its divisions and its*<br>*employees/successors* | represented by | **John K.F. Langford**<br>John Langford<br>Oklahoma Department of Human Services<br>P.O. Box 25352<br>Oklahoma City, OK 73125–0000<br>405–521–3638<br>Email: john.langford@okdhs.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

**Bridget O'brien**
*in her individual capacity and in official*
*capacity as OKDHS caseworker*
*also known as*
Bridget Kay Menser

**Respondent**

**April Seibert**
*in her individual capacity and in the*
*official capacity as Special Judge of Tulsa*
*County District Court, Docket C*

**Respondent**

**Rodney Sparkman**
*in his indicidual capacity andin the*
*official capacity as Special Judge of Tulsa*
*County District Court; Docket C*

**Respondent**

**Todd Chesbro**
*in his idividual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court, Docket C*

**Respondent**

**Jeffrey Cartmell**
*in his individual capacity and in official*
*capacity as DIRECTOR OF OKDHS*
*since 2024 replacing DEBORAH*

*SHROPSHIRE*

**Respondent**

**Gentner Drummond**
*in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023*
*also known as*
Gentner Frederick Drummond

**Respondent**

**John Kevin Stitt**
*in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA*
*also known as*
J Kevin Stitt

**Respondent**

**Oklahoma Child Protective Services**
*(CPS)*

**Respondent**

**Oklahoma Child Support Services**
*(CSS)*

**Respondent**

**Tulsa County District Court**
*and its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) and its employees/successors*

**Respondent**

**Oklahoma Attorney General Office**
*(OAG)*

**Respondent**

**Oklahoma Secretary of State**
*(SOS)*

**Respondent**

**Oklahoma State Governor's Office**

**Respondent**

**Adam Sylvester Stephens**
*es−husband of Linh Tran Stephen whose divorce was finalized on State of Oregon January 08, 2016*

**Respondent**

**Does**
*#1–99 known but unidentified STATE OF OKLAHOMA's employees*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2025 | 1 | CIVIL COVER SHEET by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 2 | PETITION for Writ of Habeas Corpus – 2241 by Linh Tran Stephens (With attachments) (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 3 | FILING FEES Paid in Full by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 4 | MOTION to obtain electronic case filing rights for non–attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 07/07/2025 | 5 | SUMMONS Issued by Court Clerk as to Jeffrey Cartmell, Todd Chesbro, Gentner Drummond, Bridget O'brien, Oklahoma Attorney General Office, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Department of Human Services, Oklahoma Secretary of State, Oklahoma State Governor's Office, April Seibert, Rodney Sparkman, State of Oklahoma, Adam Sylvester Stephens, John Kevin Stitt, Tulsa County District Court (dla, Dpty Clk) (Entered: 07/08/2025) |
| 08/05/2025 | 6 | ATTORNEY APPEARANCE by John K.F. Langford on behalf of Oklahoma Department of Human Services [Note: Attorney John K.F. Langford added to party Oklahoma Department of Human Services(pty:res).] (Langford, John) (Entered: 08/05/2025) |
| 08/05/2025 | 7 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Oklahoma Department of Human Services (Langford, John) (Entered: 08/05/2025) |
| 08/26/2025 | 8 | AFFIDAVIT/CERTIFICATE/PROOF/RETURN of Service by Linh Tran Stephens (atn, Dpty Clk) (Entered: 08/26/2025) |
| 01/22/2026 | 9 | ORDER by Judge Claire V Eagan – *The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non–attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot.* ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 4 Motion for Miscellaneous Relief; finding as moot 7 Motion to Dismiss for Failure to State a Claim; finding as moot 7 Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers) (Entered: 01/22/2026) |
| 01/22/2026 | 10 | JUDGMENT by Judge Claire V Eagan *(JUDGMENT OF DISMISSAL)*, entering judgment in favor of respondents against petitioner (terminates case) (Re: 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of |

| | | |
|---|---|---|
| | | Jurisdiction,,, ) (RGG, Chambers) (Entered: 01/22/2026) |
| 01/22/2026 | | ***Civil Case Terminated (see document number 10 ) (atn, Dpty Clk) (Entered: 01/23/2026) |
| 03/09/2026 | 11 | MAIL to Linh Tran Stephens Returned – address has been changed to address unknown. (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, ) (mm, Dpty Clk) (Entered: 03/10/2026) |
| 04/09/2026 | 12 | NOTICE OF APPEAL to Circuit Court (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/09/2026 | 13 | MOTION to reopen the time to appeal , MOTION for relief from judgment under Rule 60 by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 14 | PRELIMINARY RECORD Sent to Circuit Court (Re: 12 Notice of Appeal to Circuit Court, ) (With attachments) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | | ***Remark: *mailed appeal packet to Linh Tran Stephens at PO BOX 80112 CHARLESTON, SC 29416 on 4/10/2026. Petitioners address updated using address provided in notice of appeal.* (Re: 12 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 15 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 26–5040 (#12) (Re: 12 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 16 | ORDER from Circuit Court *abating case. Reason for abatement: DCt Motion. When the dispositive order is entered by the district court the clerk of the district court is directed to supplement the preliminary record in accordance with 10th Cir. R. 3.2(B).* (Re: 12 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 18 | Amended NOTICE OF APPEAL to Circuit Court (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 12 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (mm, Dpty Clk) (Main Document 18 replaced on 4/14/2026 to correct PDF) (mm, Dpty Clk). (Entered: 04/14/2026) |
| 04/10/2026 | 19 | Amended MOTION to reopen time to appeal , MOTION for Relief *from judgment under Rule 60* by Linh Tran Stephens (mm, Dpty Clk) Modified on 4/14/2026 to add amended to text (mm, Dpty Clk). (Main Document 19 replaced on 4/14/2026 to correct PDF) (mm, Dpty Clk). (Entered: 04/14/2026) |
| 04/13/2026 | 17 | ***Remark: *Received from petitioner duplicate of amended filing previously submitted to pro se email intake box on April 10, 2026* (mm, Dpty Clk) (Entered: 04/14/2026) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

**Lower Court Case No.:** 4:25-cv-00285-GKF-MTS & **4:25-cv-00286-CVE-MTS**
**U.S. District Court, Northern District of Oklahoma**
**Assigned Article III Judge:** Gregory K Frizzell & **Claire V. Eagan**

## NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY

## MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

## PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION

## FOR RELIEF FROM VOID JUDGMENT PURSUANT TO

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR

## FRAUD UPON THE COURT

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

## TABLE OF CONTENTS

**I.** NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

**II.** AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

**III.** MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) .................................... 8

**IV.** MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

**V.** LEGAL ARGUMENTS AND LANDMARK AUTHORITIES ................................... 12

**VI.** PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......................... 18

**VII.** PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................ 19

**VIII.** DEMAND AND RELIEF SOUGHT ...................................................................... 22

**IX.** DEMAND FOR JURY TRIAL .............................................................................. 23

**X.** NOTARY SECTION (COMMON LAW) .................................................................. 24

**XI.** CERTIFICATE OF SERVICE ............................................................................. 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

• 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

• 28 U.S.C. § 1331 — Federal question jurisdiction;

• 28 U.S.C. § 1343 — Civil rights jurisdiction;

• 42 U.S.C. § 1983 — Deprivation of rights under color of law;

• 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

• Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

• Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

### (First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **cases No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS.** On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4:25-cv-00285**)" from CourtListener but zero emails from PACER and on **April 09, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4_25-cv-00286**)" (**see Exhibits #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)" and "JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas

4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at

https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

## III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

## PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

### IV. MOTION FOR RELIEF FROM VOID JUDGMENT

### FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

**A. The Judgment Is Void — FRCP 60(b)(4)**

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

### A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

## B. Void Judgment — Lack of Article III Jurisdiction

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

## C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

## D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

**J. Fraud Upon the Court / Void Judgments — 60(d)(3)**

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

**K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241**

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

**L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241**

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

### G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

### H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

### I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

### J. Against Statute of Limitations Arguments

---

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

that the foregoing is true and correct to the best of my personal knowledge, information, and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh–tran: stephens/Agent*

By one–and–only beneficiary:
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

Email: LinhStephens7@gmail.com<br>
*Tel:* 843-608-0294

## X. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota      )

                ) *ss*

county of Sherburne     )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this 9th day of April, 2026.

*Melissa K. Vagle*

Signature of Notary/Jurat

> MELISSA K VAGLE
> Notary Public
> State of Minnesota
> My Commission Expires
> January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## XI. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

---



L S <linhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>          Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
| --- | --- | --- | --- |
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

Case 4:25-cv-00286-CVE-MTS Gmail - 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00286) Page 1 of 2

 Gmail

L S <linhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00286)

1 message

**CourtListener Alerts** <alerts@courtlistener.com>　　　　　　　　　Thu, Apr 9, 2026 at 4:09 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00286)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
| --- | --- | --- | --- |
| None | Jan 22, 2026 | Civil/Miscellaneous Case Terminated | |
| 9 | Jan 22, 2026 | Order | From RECAP with PACER fallback |
| 10 | Jan 22, 2026 | Judgment | From RECAP with PACER fallback |
| 11 | Mar 9, 2026 | Mail Returned | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

📣 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

**This alert brought to you by the non-profit Free Law Project. Please donate to support our work.**

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS,                     )
                                        )
                Petitioner,             )
                                        )
v.                                      )          Case No. 25-CV-0286-CVE-MTS
                                        )
STATE OF OKLAHOMA, et al.,              )
                                        )
                Respondents.            )

## JUDGMENT OF DISMISSAL

In an order filed contemporaneously herewith, the Court dismissed petitioner Linh Tran

Stephens's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) without prejudice

for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this judgment

of dismissal is entered against petitioner and in favor of respondents.

**DATED** this 22nd day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

<strong>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF OKLAHOMA</strong>

| | | |
|---|---|---|
| **LINH TRAN STEPHENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0286-CVE-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

<strong><u>ORDER</u></strong>

Petitioner Linh Tran Stephens, a self-represented litigant, commenced this federal habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2). A district court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>. On preliminary review of the petition, the Court finds that the petition shall be dismissed for lack of subject matter jurisdiction.[1]

<strong>I.</strong>

Ms. Stephens describes her petition as a "hybrid emergency petition for writ of habeas corpus for [her minor child] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, and

---

[1] The Clerk of Court issued summonses to Ms. Stephens on her request. Dkt. # 5. One respondent moved to dismiss the petition pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6), asserting that Ms. Stephens did not comply with Rule 8(a)'s pleading requirements, that this Court lacks jurisdiction based on Eleventh Amendment sovereign immunity, and that Ms. Stephens fails to state a claim on which relief may be granted. Dkt. # 7. Because the Court finds that Ms. Stephens has not properly invoked federal habeas jurisdiction and concludes for that reason that the petition, and this habeas action, must be dismissed, the Court dismisses as moot Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7).

for injunctive and declaratory relief under 42 U.S.C. § 1983 with request for permanent restraining order." Dkt. # 2, at 11.[2] She states that she brings this action to challenge 'all orders entered by Tulsa County District Court and all of its divisions since Dec[ember] 3, 2021" in Tulsa County District Court Case Nos. FD-2015-2228 and JD-2021-270. Id. at 3. Ms. Stephens names as respondents in this habeas action the State of Oklahoma, several state agencies, several state officials and employees, and her ex-husband. Id. at 1. Ms. Stephens appears to allege that state and private actors violated her constitutional rights through actions or omissions made in state court proceedings relating to divorce or child custody matters. Id. at 2-8, 14-17, 21-32, 40-108. She also asserts that her minor child is "unlawfully restrained under void state court orders procured through fraud and enforced without jurisdiction." Id. at 18, 73; see also id. at 33 (describing minor child as "unlawfully detained"); id. at 35 (referring to "the unlawful seizure and continued detention of her child"); id. at 36 (asserting that she "seeks emergency relief from this Court to remedy the unlawful seizure and continuing detention of her daughter . . . by state actors operating without lawful jurisdiction and in flagrant violation of clearly established constitutional rights"); id. at 40 (asserting that minor child was "forcibly kidnapped" by Oklahoma Child Protective Services).

Ms. Stephens identifies four grounds for habeas relief: (1) "unlawful seizure of child without warrant or exigent circumstances (4th Amendment)"; (2) "violation of due process rights in child removal proceedings"; (3) "placement with documented child abuser"; (4) "disregard of valid Oregon custody decree." Id. at 7-8; see also 73-77 (describing first cause of action as seeking habeas relief for unlawful detention of minor child). Ms. Stephens also seeks relief under § 1983,

_____

[2] The Court's citations refer to the CM/ECF header pagination. When quoting material from the petition, the Court omits unconventional capitalization.

2

asserting more than ten claims for alleged violations of her federal rights arising from state court proceedings related to divorce or child custody matters. Id. at 77-108. Ms. Stephens asks this Court to provide various forms of relief including an order directing "the immediate release of [her minor child] from [her ex-husband's] custody and restor[ing] custody to [Stephens], her biological owner/mother" and "declar[ing] [that] all custody, support, and enforcement orders, contempt orders, conviction or sentencing orders [are constitutionally void] as they were all procured without jurisdiction, due process, or lawful adjudication." Id. at 8, 14.

Ms. Stephens asserts that this Court has jurisdiction to adjudicate the habeas petition under 28 U.S.C. § 2241 (federal habeas jurisdiction), 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331 (a state law) because her minor child "is detained after seizure without a warrant against the will of" the minor child "and the biological owner/Trustee (biological flesh and blood and alive mother) under void state court orders violating the Fourteenth Amendment." Id. at 14. She further asserts that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights and elective franchise jurisdiction) to adjudicate the § 1983 claims she includes in the petition. Id. at 14-15. Lastly, Ms. Stephens asserts that this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). Id. at 15.

## II.

Because Ms. Stephens appears without counsel, the Court must liberally construe the petition. Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). This rule of liberal construction "means that if the court can reasonably read the [petition] to state a valid claim on which [Ms. Stephens] could prevail, it should do so despite [Ms. Stephens's] failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106,

3

1110 (10th Cir. 1991). But even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction. See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction).

Even generously construing the petition, the Court finds that this action shall be dismissed for lack of subject matter jurisdiction. To the extent Ms. Stephens seeks federal habeas relief under § 2241, she has identified no facts that would permit this Court to exercise federal habeas jurisdiction. See 1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006)).

Federal courts are empowered to grant a writ of habeas corpus to a petitioner if, among other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a) (providing federal courts authority to consider habeas petitions filed by state prisoners who allege they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment). No allegations in the petition plausibly suggest that either Ms. Stephens or her minor child is "in custody" as that phrase has been construed by the United States Supreme Court. In Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 503 (1982), the Supreme Court considered the question of "whether the habeas corpus statute, 28 U.S.C. § 2254, confers jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." The petitioner in Lehman challenged the validity of the

4

state law under which her parental rights were terminated and sought an order directing the state to release her children to her custody "unless within 60 days an appropriate state court judicially determined that the best interest of the children required that temporary custody remain with the [s]tate." Id. at 505-06. The Lehman Court discussed prior cases broadly construing the meaning of "in custody," and acknowledged that through those cases "the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require." Id. at 508-10. But the Lehman Court reasoned that "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." Id. at 512 (footnote omitted). The Lehman Court further reasoned that

> [t]he considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

Id. at 515-16 (footnote omitted); see also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 436 (10th Cir. 1992) (citing Lehman for the proposition that "[a] state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition"); Zamora Trevino v. Barton, 727 F. Supp. 589, 591 (D. Kan. 1989) (citing Lehman and acknowledging that "the United States Supreme Court has refused to extend federal court jurisdiction to issue writs of habeas corpus in traditional challenges to state courts' child custody

orders").[3] Even accepting Ms. Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction to consider her requests for federal habeas relief under § 2241. The Court thus finds that the petition, and this habeas action, shall be dismissed without prejudice for lack of subject matter jurisdiction.[4]

### III.

Further, to the extent Ms. Stephens asks this Court to consider § 1983 claims arising from alleged violations of her federally protected rights, she cannot initiate a civil rights action by including § 1983 claims in a habeas petition. Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; see, e.g., Wise v. Bravo, 666 F.2d 1328, 1332 (10th Cir. 1981) (acknowledging that "[t]he state's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial and visitation rights, is subject to scrutiny by the federal judiciary within the reach of the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment"). And federal courts have jurisdiction over civil actions seeking relief under § 1983. See 28 U.S.C. §§ 1331, 1343. But a federal habeas proceeding under § 2241 is a special civil proceeding wherein a person who is unlawfully detained by state or federal

---

[3] As previously stated, Ms. Stephens seeks relief under § 2241, not § 2254. But, like the petitioner in Lehman, Ms. Stephens challenges state court orders relating to child custody. Dkt. # 2, generally. The Court thus finds that Lehman precludes this Court's exercise of federal habeas jurisdiction despite Ms. Stephens's decision to seek relief under § 2241 rather than under § 2254.

[4] To the extent this order constitutes a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

authorities can file a petition in federal court to challenge that detention upon payment of a minimal ($5) filing fee. In contrast, a civil action under § 1983 is an ordinary civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees. Here, Ms. Stephens invoked federal habeas jurisdiction by filing a habeas petition under § 2241, improperly included § 1983 claims in the petition, and paid only the $5 fee necessary to commence a federal habeas action. Dkt. ## 2, 3. For the reasons just discussed, Ms. Stephens has not alleged sufficient facts to establish federal habeas jurisdiction. Should Ms. Stephens wish to pursue any § 1983 claims, she may do so only through a new civil action by filing a civil complaint (not a habeas petition) and by paying the $405 fees.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction, and a certificate of appealability is **denied**. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are **dismissed as moot**.

**DATED** this 22nd day of January, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE