**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS,                )
                                   )
          **Petitioner,**        )
                                   )
v.                                 )      **Case No. 25-CV-0286-CVE-MTS**
                                   )
STATE OF OKLAHOMA, et al.,          )
                                   )
          **Respondents.**       )

## ORDER

This closed civil action is before the Court on petitioner Linh Tran Stephens's amended two-part motion to reopen time to appeal and motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. # 19).[1]  For the following reasons, the Court grants in part and denies in part the two-part motion.

I.      **Background**

This Court dismissed without prejudice petitioner's "hybrid emergency petition for writ of habeas corpus for [her minor child] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, and for injunctive and declaratory relief under 42 U.S.C. § 1983 with request for permanent restraining order" (Dkt. # 2) on January 22, 2026, and entered a judgment of dismissal against her that same day.  Dkt. ## 9, 10.  The order and judgment were mailed to Stephens's South Carolina mailing address that was on file with the Clerk of Court.  Id.  On March 9, 2026, the Clerk of Court received as returned mail the copies of the order and judgment that had been mailed to Stephens nearly two months earlier.  Dkt. # 11.  The envelopes were marked "RTS" and had postage labels

---

[1] Only one defendant entered an appearance in this matter before the Court dismissed the case.  See Dkt. # 6.  That defendant did not respond to the amended motion, and the time to do so has expired.

describing the mail as "return to sender, attempted not known, unable to forward." Id.  Because the Clerk of Court had no other mailing address for Stephens, the Clerk of Court changed her address to "address unknown." Id.

On April 9, 2026, Stephens filed a combined "Notice of Appeal to the United States Court of Appeals for the Tenth Circuit and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to FED. R. APP. P. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to FED. R. CIV. P. 60(b)(4) and 60(d)(3) for Fraud upon the Court."  The Court directed the Clerk of Court to docket this document twice, first as a notice of appeal (Dkt. # 12) and second as a two part-motion (Dkt. # 13).  The Clerk of Court also updated Stephens's address, using the new address she identified in the notice of appeal, and mailed to Stephens an appeal packet.  The United States Court of Appeals for the Tenth Circuit docketed the appeal as Case No. 26-5040 and immediately abated the appeal pending this Court's ruling on the two-part motion.  Dkt. ## 15, 16.

On April 10, 2026, Stephens filed an amended combined "Notice of Appeal to the United States Court of Appeals for the Tenth Circuit and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to FED. R. APP. P. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to FED. R. CIV. P. 60(b)(4) and 60(d)(3) for Fraud upon the Court" that was docketed as an amended notice of appeal (Dkt. # 18) and as an amended two-part motion (Dkt. # 19).[2]

## II. Amended motion to reopen time to appeal

Stephens brought this civil action against the State of Oklahoma and various state and local entities, officials, and employees.  Dkt. # 2.  She had only thirty days after the entry of judgment,

---

[2] Because Stephens filed an amended two-part motion, the Court denies as moot the original two-part motion (Dkt. # 13).

or until February 23, 2026, to file a timely notice of appeal. FED. R. APP. P. 4(a)(1); 28 U.S.C. § 2107(a). And the filing of a timely notice of appeal is jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007); Alva v. Teen Help, 469 F.3d 946, 948 (10th Cir. 2006). Stephens filed the original notice of appeal on April 9, 2026, and the amended notice of appeal on April 10, 2026. Dkt. ## 12, 18. Because both were untimely, she asks this Court to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). Dkt. # 19, at 8-10. Applying Rule 4(a)(6), the Court finds that Stephens's request to reopen the time to appeal should be granted. Rule 4(a)(6) permits a district court to reopen the time to appeal "only if all the following conditions are satisfied:"

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). This rule implements 28 U.S.C. § 2107(c) by authorizing district courts to reopen the thirty-day period for filing an appeal, for a brief fourteen-day period, when the would-be appellant lacked timely notice of the entry of a judgment or an order. 28 U.S.C. § 2107(c)(1)-(2); Hamer v. Neighborhood Hous. Servs. of Chicago, 583 U.S. 17, 25 (2007). In support of her request to reopen the time to appeal, Stephens declares, under penalty of perjury, that she first received notice of the entry of judgment either on March 23, 2026, through an email notification system she identifies as CourtListener related to a different habeas action (Case No. 25-CV-285) or on April 9, 2026, when she "went on to PACER website to look up" the instant case. Dkt. # 19, at 4-6, 28. Because she did not receive formal notice within twenty-one days after entry of

3

judgment, the Court finds that Stephens has satisfied the condition in subdivision (a)(6)(A).[3] And, accepting as true that she received only informal notice of the entry of judgment on either March 23, 2026, or April 9, 2026, the Court finds that Stephens has satisfied the condition in subdivision (a)(6)(B) because she filed the notice of appeal within 180 days of entry of judgment.[4] Lastly, the Court finds that no party would be prejudiced by reopening the time to appeal and that Stephens has thus satisfied the condition in subdivision (a)(6)(C).[5] The Court therefore grants Stephens's amended two-part motion, in part, as to her request to reopen the time to appeal, reopens the time to file an appeal for fourteen days from the date of this order, and deems the amended notice of appeal (Dkt. # 18) timely filed. See Parrish v. United States, 605 U.S. 376, 391 (2025) ("When a district court grants reopening to a litigant who has already filed a notice making his intent to appeal clear, no second notice of appeal is required. Instead, the original notice relates forward to the date reopening is granted.").

---

[3] "Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude a reopening of the time to appeal under new subdivision (a)(6)(A)." FED. R. APP. P. 4(a)(6), advisory committee's note to 2005 amendments.

[4] The condition in Rule 4(a)(6)(B) requires a finding that that Stephens filed the notice of appeal either "within 180 days after the judgment or order [was] entered or within 14 days after [she] receive[d] notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." FED. R. APP. P. 4(a)(6)(B) (emphasis added). Here, the fourteen-day period would have been the earlier period, but "only formal notice of the entry of judgment or order under Civil Rule 77(d) will trigger the [14]-day period." FED. R. APP. P. 4(a)(6), advisory committee's note to 2005 amendments. Thus, Stephens satisfied this condition by filing the notice of appeal within 180 days of entry of judgment.

[5] The prejudice contemplated in Rule 4(a)(6)(C) "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." FED. R. APP. P. 4(a)(6), advisory committee's note to 1991 amendment.

### III.     Motion for relief from judgment

Stephens also seeks relief from the judgment under Federal Rule of Civil Procedure 60. Dkt. # 19 at 10-12.  She asserts that relief is warranted under Rule 60(b)(4) because the judgment is void, and under Rule 60(d)(3) based on fraud on the court.  Id.

The filing of a notice of appeal generally divests a district court of jurisdiction over a case except for certain collateral matters.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010). Absent a remand, this Court lacks jurisdiction to grant Stephens's Rule 60 motion and vacate the judgment from which she has appealed.  Nonetheless, this Court has authority to entertain and deny the motion.  See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1991) ("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal . . . the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand."); Aune v. Reynders, 344 F.2d 835, 841 (10th Cir. 1965) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act."); FED. R. CIV. P. 62.1(a) (providing court may deny motion for relief that court otherwise lacks authority to grant due to pending appeal).

Liberally construing Stephens's arguments, the Court finds no basis to grant relief under either Rule 60(b)(4) or Rule 60(d)(3).  "Rule 60(b)(4) applies only in the rare instance where a

judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).  Stephens appears to allege that the judgment is void because it was entered in violation of her right to due process.  She asserts that the Court dismissed her hybrid habeas petition/civil rights complaint "without affording her notice, without a jury trial, and without written findings of fact and conclusions of law."  Dkt. # 19 at 10.  Nothing in the record supports this assertion.  Stephens commenced this action in June 2025 by filing the hybrid habeas petition/civil rights complaint and paying the fee necessary to commence a habeas action.  Dkt. ## 2, 3.  At case opening, Stephens provided the following mailing address:  1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina 29407.  Dkt. 2 at 1, 112.  Stephens included an email address at the end of the pleading.  Id. at 112.  She also filed two motions "to obtain electronic case filing rights for non-attorneys."  Dkt. # 4.  But Stephens did not file a written consent form to receive service of pleadings another papers by email, as required by Local Civil Rule 17-1(f).  Under that rule, a pro se party may provide the Clerk of Court and all parties with an email address at which service upon the pro se party can be made, but a pro se party who chooses to receive service by email must complete and file a written consent form that is readily available on the court's website.  LCvR17-1(f).  Because Stephens did not file written consent to receive service by email, the Clerk of Court and all parties served motions and other papers on Stephens by using the mailing address she provided.  See FED. R. CIV. P. 5(b)(2)(C) (providing that a paper is served by . . . mailing it to the person's last known address—in which event service is complete upon mailing").  Until mail sent to Stephens was returned to the Clerk of Court on March 9, 2026 (nearly two months after entry of judgment), there was no suggestion in the case record that Stephens lacked notice of any court proceedings.  To be fair, Stephens did not respond to the motion to

dismiss that was filed on August 5, 2025. Dkt. # 7. But, twenty-one days after that motion to dismiss was filed, Stephens filed proofs of service. Dkt. # 8. Nothing in the record suggests that Stephens then inquired about the status of her case or otherwise informed the Court that she had not received motions or other papers from the Clerk of Court or any party. Further Stephens did not file a notice of change of address, as required by Local General Rule 2-6 and Local Civil Rule 17-1(h). Rather, the Clerk of Court obtained a new address for Stephens, after her case was dismissed, only by reviewing the original notice of appeal. Dkt. # 12. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Under the circumstances of this case, the Court finds that serving motions and other papers on Stephens by mailing them to Stephens's last known mailing address was reasonably calculated to apprise Stephens of the progress of her case and to provide her an opportunity to present her objections before entry of judgment. Consequently, the Court concludes that no due process violation rendered the judgment void.

Rule 60(d)(3) permits a court to set aside a judgment that was obtained through fraud on the court. FED. R. CIV. P. 60(d)(3). But "a claim of fraud on the court is difficult to establish" and the party asserting fraud on the court must establish its existence by clear and convincing evidence. Thomas v. Parker, 609 F.3d 1114, 1120 (10th Cir. 2010). "Moreover,

> "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate . . . . Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not

of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."

United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995)).  Stephens alleges a "systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment." Dkt. # 19, at 11.  She then provides a list of what her "Second Amended Federal Claims documented with particularity," namely, "fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts; forgery of signatures and submission of materially false statements to courts; coordination between judicial officers and opposing parties' attorneys; illegal garnishment of ERISA-protected 401(k) retirement accounts; revocation of Plaintiff's passport in violation of her fundamental right to travel; RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies; [and] forced debtor's prison/contempt proceedings in violation of constitutional prohibitions." Id. at 11-12.  It is not clear to this Court which, if any, of these allegations refer to the proceedings in this case because Stephens did not file any "Second Amended Federal Claims" in this case.[6]  Regardless, because Stephens presents nothing beyond conclusory allegations in her attempt to establish fraud on the court, the Court concludes there is no basis to grant relief from judgment under Rule 60(d)(3).

For these reasons, the Court denies the amended two-part motion, in part, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.

---

[6] Stephens appears to be referring to a document she filed in a different civil action that was entitled "Second Amended Federal Claims, Injunctive Relief." See Dkt. # 19, at 4 (referencing Stephens's July 30, 2025, filing of "Second Amended Federal Claims (Document 19) in Case No. 25-CV-0322-SEH-JFJ").

8

**IT IS THEREFORE ORDERED** that petitioner Linh Tran Stephens's amended two-part motion (Dkt. # 19) is **granted in part**, as to the motion to reopen time to appeal under Federal Rule of Appellate Procedure 4(a)(6), and **denied in part**, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.  Stephens's original two-part motion (Dkt. # 13) is **denied as moot**.

**IT IS FURTHER ORDERED** that the period to file an appeal is **reopened** for fourteen days from the date of this order and the amended notice of appeal (Dkt. # 18) is deemed timely.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **send**, electronically, a copy of this order to the United States Court of Appeals for the Tenth Circuit, regarding **Case No. 26-5040**.

**DATED** this 18th day of May, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9